```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

RUTH A. HANSON,                )
                               )
            Plaintiff,         )
                               )
v.                             )     Case No. CIV-12-104-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

Plaintiff Ruth A. Hanson (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 1, 1957 and was 53 years old at the time of the ALJ's decision.  Claimant completed her high school education.  Claimant has worked in the past as a truck driver. Claimant alleges an inability to work beginning March 27, 2009 due to limitations resulting from back problems, joint dysfunction in her right hip, thyroid disease, and Graves disease.

### Procedural History

On July 9, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On November 2, 2010, an administrative hearing was held before ALJ Lance K. Hiltbrand in Oklahoma City, Oklahoma. On January 12, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on January 11, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as a truck driver.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) finding Claimant could perform medium work; and (2) finding Claimant could return to her past relevant work.

4

**RFC Evaluation**

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative joint disease of the back and hip with pain, status post lumbar surgery in 1997 (followed by a return to work at SGA until March of 2009), thyroid disease, hypertension, hyperlipidemia, aorta atherosclerosis, insomnia, and headaches. (Tr. 14). He also found Claimant retained the RFC to perform a full range of medium work. In so doing, the ALJ found Claimant could occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds, stand and/or walk for 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. The ALJ also found Claimant should avoid even minimum exposure to extreme cold. Claimant was found to experience a moderate level of fatigue and discomfort affecting her ability to work in a competitive environment. (Tr. 16). After consultation with a vocational expert, the ALJ concluded Claimant could perform her past relevant work as a truck driver. (Tr. 20).

Claimant contends the ALJ committed reversible error in finding she could perform medium work. Although Claimant states in her brief that she underwent surgery on July 29, 2007, the record indicates the surgery occurred on the same date in 2007, when she underwent an L1-2 laminectomy for removal of an intradermal spinal

cord tumor. (Tr. 243-46).

On November 12, 2007, Claimant was attended by Dr. Mitchell L. Earley for treatment of insomnia, hypetension, and thyroid disease. (Tr. 183-85). Dr. Earley treated all of these conditions with medication. (Tr. 183, 185, 191). Additionally, Dr. Earley noted Claimant's gait was normal and strength was normal in the upper and lower extremities. (Tr. 184). In a visit with Claimant on September 4, 2008, Dr. Earley found Claimant was compliant with her medications. She appeared well developed, well nourished, and in no acute distress. Claimant had a normal gait and normal strength in the upper and lower extremities. (Tr. 155). Lab work from September 5, 2008 indicated Claimant's thyroid was normal. (Tr. 156). In a letter dated December 23, 2009, Dr. Earley stated that "I am unaware at this time of [Claimant's] inability to perform work related activities." (Tr. 151).

On September 23, 2008, Claimant saw Dr. Harper Ward. Dr. Ward found Claimant to have no muscle spasms and normal muscle bulk. Her deep tendon reflexes were within normal limits in the upper extremities but decreased on the right with knee and ankle reflex, decreased on the left with just ankle reflex. He noted decreased range of motion with back flexion and back extension secondary to back pain. Claimant's grip strength was 5/5 in the upper

extremity; great tow was weak bilaterally with extension.  Gait was slightly right sided antalgic, slow speed, but adequate safety and stability without the need of assistive devices.  Heel and toe walking were both weak bilaterally.  Claimant was found to be able to get up from a chair and get on the examination table with ease and normal cooperation.  Joint examination was unremarkable.  Straight leg raising was negative sitting bilaterally, positive on the right while lying, negative on the left while lying. (Tr. 123).

On September 23, 2009, an x-ray of Claimant's back indicated normal alignment and preserved vertebral body and disc space heights with no evidence of acute or significant chronic bony or soft tissue disease.  (Tr. 141).

On December 28, 2009, a Physical RFC Assessment was completed by Dr. Luther Woodcock.  Dr. Woodcock found Claimant could occasionally lift/carry 10 pounds, frequently lift/carry less than 10 pounds, stand and/or walk at least 2 hours in an 8-hour workday, sit for about 6 hours in an 8-hour workday, and engage in unlimited pushing and pulling. (Tr. 130).  He observed Claimant's gait to be slightly right-sided antalgic, slow but safe and stable without assistive device.  He found Claimant to have decreased range of motion of the spine with flexion 45/90, straight leg raising was positive on the right in the supine position.  Heel and toe walking

7

were weak bilaterally. X-rays of the lumbar spine showed no significant chronic bony disease. (Tr. 131).

On October 22, 2009, Dr. Janet G. Rodgers also completed a Physical RFC Assessment on Claimant. She arrived at the same exertional limitations as Dr. Woodcock. Dr. Rodgers also references Claimant's statement that she had a 3 pound lifting limit. (Tr. 143-44).

In his decision, the ALJ afforded "great weight to the opinion of the claimant's treating physician," Dr. Earley. The ALJ noted that Dr. Earley had an opportunity to examine Claimant and "has a greater knowledge of claimant's impairments and limitations as shown by the treatment provided." (Tr. 17).

The ALJ's findings are entirely consistent with the required analysis on weighting the opinions of treating physicians over those of state agency physicians. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Dr. Earley's findings were supported by his medical progress notes during his treatment of Claimant's various conditions. This Court finds no error in the ALJ affording Dr. Earley's opinions superior weight among the examining professionals.

**Past Relevant Work**

Claimant contends the ALJ ignored the fact that she was a team

8

truck driver with her husband and that special accommodations were given to them to allow them to continue driving. Namely, Claimant and her husband were allowed to take their time and a different route to accommodate their physical problems.

In analyzing Claimant's ability to engage in his past work at step four, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ's RFC is supported by substantial evidence.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. <u>Id</u>. In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ in this case inquired of the vocational expert as to the demands of Claimant's past relevant work. (Tr. 280-81). The expert testified a truck driver required medium work, semi-skilled, SVP at level 4. (Tr. 280). In this regard, the ALJ fulfilled his duty in the second phase.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. <u>Winfrey</u>, 92 F.3d at 1023. Justifiably, Claimant's testimony obviously troubled the

ALJ. She testified without support in the medical record that she had been under a 3 pound lifting restriction while driving a truck for several years. Claimant then testified upon inquiry of the ALJ that she would still be driving if her truck had not been repossessed because it was in constant need of repair. (Tr. 262). Claimant would have the ALJ then conclude that she became disabled at this point. While she may have driven the truck with her husband (who is now disabled and receiving Social Security benefits), nothing in the record supports the type of accommodations and restrictions under which Claimant now testifies she operated for several years. Dr. Earley's opinion supports the ALJ's findings that Claimant could perform her past relevant work despite the limitations found in her RFC. The ALJ's findings are not erroneous in this regard.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court

any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE